IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3282 |
| | § | |
| FLOR DE CUBA, TX, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

J&J Sports Productions, Inc. sued Flor de Cuba Restaurant Bakery & Bar ("Flor de Cuba") and its owners, Domingo Cerpa and Santiago Hernandez, alleging that they intercepted and broadcast a pay-per-view boxing match without authorization in violation of 47 U.S.C. §§ 553 and 605. (Docket Entry No. 1). J&J moves for summary judgment on its claims. (Docket Entry No. 15).

Based on the pleadings; the motion, response, and reply; and the relevant law, J&J's motion for summary judgment, (Docket Entry No. 15), is denied. The reasons for this ruling are explained below.

**I.      Background**

The promoters of the November 13, 2010 "Tactical Warfare" boxing match between Manny Pacquiao and Antonio Margarito (the "Event") granted J&J the exclusive right to broadcast the Event to "commercial exhibition outlets," such as bars and restaurants, if they obtained permission and paid a fee. Other entities were also given the right to broadcast the Event to other groups of viewers.

Flor de Cuba is a bar in Houston, Texas, owned and operated by Domingo Cerpa and

1

Santiago Hernandez. (Docket Entry No. 27, Exs. 1, 2). J&J did not authorize Flor de Cuba or its owners to broadcast the Event.

On the night of the Event, auditor Cortney Foster visited Flor de Cuba. She counted fifty people in the bar and three televisions. She observed that the bar "was displaying the PACQUIAO VS MARGARITO EVENT and/or its undercard preliminary bouts." (Docket Entry No. 15, Ex. A-2). Foster noticed that the Event was on Round Nine of the undercard match between Jones and Soto-Karass. (*Id.*). She also noticed Tecate logos on the ring mat and corner posts. (*Id.*).

Cerpa and Hernandez both submitted affidavits stating that they did not consent to the interception or showing of the Event at the bar and did not direct or authorize any employee or patron to do so. (Docket Entry No. 27, Exs. 1, 2). Cerpa and Hernandez also stated that "[t]o my knowledge the broadcast of [the Event] at Flor De Cuba did not occur." They stated that they had made "numerous inquiries to employees and patrons," and were "not aware of this event being shown in our establishment." (*Id.*).

## II.   The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it

does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). Nevertheless, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2).

**III. Analysis**

J&J raised claims under both § 553 and § 605 of the Communications Act, 47 U.S.C. §§ 553 and 605, alleging that the defendants displayed the Event without obtaining authorization or paying the licensing fee. Section 553 prohibits theft of communications from a cable network. Section 605 prohibits theft of radio and satellite communications.

The summary judgment evidence supports finding that the Event was displayed at Flor de Cuba on November 13, 2010, and that neither Cerpa nor Hernandez had any involvement in its broadcast. But J&J has not established whether the Event was broadcast over cable or satellite transmissions, how it was intercepted, and whether the defendants obtained authorization to broadcast the event through other means.

The Fifth Circuit recently clarified the distinction between § 553 and § 605, holding that "[a] logical reading of the two provisions reveals a clear demarcation whereby § 605 deals with communications traveling through the air (via radio), and § 553 covers communications traveling over cable wire." *J&J Sports Prods, Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 348 (5th Cir. 2014) (citation omitted). Based on this distinction, several district courts within this circuit have denied summary judgment because the record evidence did not clearly show whether the displayed event originated through cable or satellite transmissions. *See, e.g.*, *J&J Sports Prods., Inc. v. Evolution Entm't Grp.*, LLC, No. CIV.A. 13-5178, 2014 WL 3587370, at *2 (E.D. La. July 21, 2014) ("Plaintiff has not presented any competent summary judgment evidence regarding whether the boxing match was delivered via cable, satellite, or otherwise. . . . In the absence of any evidence regarding how the boxing match was transmitted, Plaintiff has not established its right to judgment as a matter of law with respect to either statute."); *Joe Hand Promotions, Inc. v. Breaktime Bar, LLC*, No. CIV.A. 12-2618, 2014 WL 1870633, at *4 (W.D. La. May 8, 2014) ("the court cannot grant the plaintiff's motion for summary judgment because . . . [t]he plaintiff has not shown whether the PPV was broadcast via satellite or cable or how [the defendant] intercepted the PPV, which determines whether [the defendant's] conduct violates 47 U.S.C. § 605 or 47 U.S.C. § 553"); *see also G & G Closed-Circuit Events, LLC. v. Houston Hobby Investments, Inc.*, No. 3:14-CV-00733-L, 2014 WL 4956505, at *4 (N.D. Tex. Oct. 3, 2014) (finding the pleadings to be

4

insufficient because they "merely allege[] in conclusory fashion that Defendants intercepted or received a 'communication' of unspecified nature on March 5, 2011.").

J&J alleged in its complaint that the Event was originally transmitted by satellite. (*See* Docket Entry No. 1 at 4, ("The transmission of the Event originated via satellite.")). But J&J asserted claims against the defendants under both statutes and has not submitted or identified record evidence showing whether the intercepted broadcast was transmitted via cable or satellite.

Even if the evidence showed the means of transmission, summary judgment would be denied on this record. In cases under both statutes decided before *Mandell*, district courts in Texas have stated that to show liability, the plaintiff must prove "(1) that the Event was shown [at the defendant's establishment] and (2) that [the plaintiff] did not authorize such exhibition of the Event." *Mandell*, 751 F.3d at 348; *see Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, No. H-11-3406, 2014 WL 1312372 (S.D. Tex. Mar. 26, 2014) (referring to the entire Communications Act as a "strict liability statute"); *J & J Sports Productions, Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014) (applying the standard to both statutes); *J&J Sports Prods., Inc. v. Rest. & Taqueria Cristina*, No. 3:11-CV-3104-N BF, 2013 WL 3878589, at *4 (N.D. Tex. July 29, 2013) (both statutes); *Joe Hand Promotions, Inc. v. Macias*, No. H-11-1773, 2012 WL 950157, at *2 (S.D. Tex. Mar.19, 2012) (both statutes). In *Mandell*, the Fifth Circuit held that this standard "misconstrues" the law under § 553. *Mandell*, 751 F.3d at 348. That statute states that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553. In *Mandell*, the defendants broadcast an event in their restaurant during business hours and had not paid a licensing fee to the plaintiff, which held an exclusive license to broadcast the event in "commercial closed-circuit

5

television exhibition outlets." *Mandell*, 751 F.3d at 347. The defendants had purchased the fight on a pay-per-view basis from a cable operator with the exclusive license to broadcast the event by pay-per-view to venues "not accessible to the public in general." *Id.* The Fifth Circuit held that the defendants' broadcast was arguably "specifically authorized by a cable provider" and reversed the district court's grant of summary judgment on the § 553 claims. *Id.* at 349–50.

The Fifth Circuit did not address whether evidence showing that an event transmitted by satellite was broadcast in an establishment not authorized to do so by the exclusive commercial licensee establishes a violation of § 605. Like § 553, § 605 excepts from liability those who have received authorization from the sender, stating that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). In light of the Fifth Circuit's ruling in *Mandell* and the statutory language, the court finds the present record inadequate to determine, as a matter of law, whether the Event broadcast at Flor de Cuba on November 13, 2010 was intercepted from a cable or satellite transmission and whether it was authorized by a cable provider or the sender of a satellite broadcast, either for private or commercial use. These issues make the record inadequate as a basis for summary judgment.

## IV. Conclusion

The motion for summary judgment, (Docket Entry No. 15), is denied.

SIGNED on December 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge